## GOODALL v. STATE. (No. 7333.)

(Court of Criminal Appeals of Texas. Oct. 18, 1922.)

Criminal law ⟨⟨≈⟩⟩1090(1)—No question for review where no bills of exception or statement of facts.

In the absence of bills of exception or statement of facts, no question is presented for review.

Appeal from District Court, San Jacinto County; J. L. Manry, Judge.

John Goodall was convicted of burglary, and he appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction is for burglary, carrying a penalty of two years in the penitentiary.

The record is bare of bills of exception, and no statement of facts is at hand. In the absence thereof, no question is presented for review.

The judgment is affirmed.

## BAKER v. STATE. (No. 7120.)

(Court of Criminal Appeals of Texas. Oct. 18, 1922.)

Criminal law ⟨⟨≈⟩⟩1102—Statement of facts stricken where not authenticated.

Where the statement of facts is neither agreed to by attorneys nor authenticated by trial judge, it will be stricken.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

E. F. Baker was convicted of swindling, and he appeals. Affirmed.

Dodson & Owen, of Eastland, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Upon conviction for swindling, appellant's punishment was assessed at confinement in the penitentiary for two years.

We find in the record what purports to be a statement of facts, but the same is neither agreed to by the attorneys nor authenticated by the approval of the trial judge. The motion of our Assistant Attorney General to strike same from the record must be sustained. Branch's Ann. P. C. p. 304, § 596.

The questions raised by bills of exception cannot be considered in the absence of the statement of facts, as they all turn upon the evidence before the court.

The judgment must be affirmed.

## PAYNE v. STATE. (No. 7240.)

(Court of Criminal Appeals of Texas. Oct. 18, 1922.)

Criminal law ⟨⟨≈⟩⟩1090(1) — Record containing neither bill of exceptions nor statement of facts presents nothing for review.

Record, containing neither bill of exceptions nor statement of facts, presents nothing for review.

Appeal from Criminal District Court, Travis County; James R. Hamilton, Judge.

Walter Payne was convicted for assault with intent to murder, and he appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Upon conviction for assault with intent to murder, punishment of two years in the penitentiary was assessed against appellant.

In the absence of bills of exception and statement of facts no question for review is presented.

The judgment is affirmed.

## BRADY v. STATE. (No. 7161.)

(Court of Criminal Appeals of Texas. Oct. 18, 1922.)

Criminal law ⟨⟨≈⟩⟩1144(14)—Court presumed to have properly refused instructions, in absence of statement of facts.

Where the pertinency of the special charges refused depended on the facts in evidence, the Court of Criminal Appeals will assume, in the absence of a statement of facts, that the court properly refused the instructions.

Appeal from District Court, Fannin County; R. T. Lipscomb, Special Judge.

E. M. Brady was convicted of burglary by the use of explosives, and he appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was convicted of burglary by the use of explosives (articles 1315 and 1316 P. C.), and his punishment assessed at 25 years in the penitentiary.

No statement of facts appears in the record. A number of special charges were requested and refused. The pertinency or otherwise thereof depends on the facts in evidence. This not being before us, we must assume the court properly refused the instructions.

No other question is presented for review.
The judgment is affirmed.